UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| YEYIN CHIN, | Case No. 6:24-cv-01124-MTK |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| COREY FHUERE; KEN JESKE; NICK INFANTE; SCOTT PALMER, | |
| Defendants. | |

KASUBHAI, District Judge.

Plaintiff, an adult in custody (AIC) at Oregon State Penitentiary (OSP), filed suit under 42 U.S.C. § 1983 and alleged that prison officials' choice of music programming at OSP promotes Christianity in violation of the Establishment Clause of the First Amendment. Defendants now move for summary judgment. Upon review of the record, Plaintiff fails to raise a genuine issue of material fact to defeat summary judgment and Defendants' motion is granted.

## DISCUSSION

The Oregon Department of Corrections (ODOC) offers AICs a television package from Dish Network that includes a selection of digital music from Dish and Sirius XM. Palmer Decl. ¶ 4. The television and music channels are available to AICs with personal televisions in their

1 -    OPINION AND ORDER

cells and to AICs who have access to the televisions in OSP's dayrooms. *Id.* ¶¶ 16-17. The current programming package provides access to eight music channels that play various genres of music from thirty-five rotating digital radio stations. *Id.* ¶ 7 & Ex. 1. Channel Four rotates through seven radio stations, one for each day of the week, that play a "mixed genre" of music including gospel, Christian pop, watercolor jazz, love songs, BB King, symphony hall, and Hawaiian music. *Id.* ¶¶ 8(c), 10 & Ex. 2.

According to Plaintiff, Channel Four plays gospel and Christian pop music on Saturdays and Sundays. Plaintiff claims that, by providing access to radio stations with Christian-related music two days a week, ODOC is "inadvertently stating Christianity is more deserving of play than [his] religious music" and promoting Christianity in violation of the Establishment Clause. Compl. at 5.[1] Plaintiff argues that ODOC must remove access to any Christian-related music or provide music related to all religious beliefs, and he seeks commensurate injunctive relief.

Defendants move for summary judgment on grounds that Plaintiff cannot establish a violation of the Establishment Clause. To prevail on their motion, Defendants must show there is no genuine dispute as to any material fact and they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Defendants must present evidence of record, together with affidavits, if any, that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If Defendants meet this burden, the burden shifts to Plaintiff to demonstrate the existence of a genuine issue of fact for trial.

---

[1] In his sur-reply to Defendants' Motion for Summary Judgment, Plaintiff invokes the Religious Land Use and Institutionalized Persons Act (RLUIPA) and asserts, for the first time, that Defendants' choice of music programming burdens the free exercise of his religion. However, Plaintiff did not allege a RLUIPA free exercise claim in his Complaint. Moreover, Plaintiff fails to show how access to a music channel playing Christian music two times a week substantially burdens the exercise of his religion. 42 U.S.C. §§ 2000cc-1(a); *Cutter v. Wilkinson*, 544 U.S. 709, 720-21 (2005).

2 -    OPINION AND ORDER

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *see* Fed. R. Civ. P. 56(c)(1).

The Court must construe the evidence and all reasonable inferences in favor of Plaintiff, the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 255 (1986). The Court "does not weigh the evidence or determine the truth of the matter, but only determines whether there is a genuine issue for trial." *Balint v. Carson City*, 180 F.3d 1047, 1054 (9th Cir. 1999). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec*, 475 U.S. at 587 (citation and quotation marks omitted).

The Establishment Clause provides that the government "shall make no law respecting an establishment of religion." U.S. Const. amend. 1. Accordingly, a state agency, like ODOC, "may not promote or affiliate itself with any religious doctrine or organization, may not discriminate among persons on the basis of their religious beliefs and practices, may not delegate a governmental power to a religious institution, and may not involve itself too deeply in such an institution's affairs." *County of Allegheny v. American Civil Liberties Union,* 492 U.S. 573, 590-91 (1989). Further, the "government may not coerce its citizens to support or participate in any religion or its exercise." *Town of Greece, N.Y. v. Galloway*, 572 U.S. 565, 586 (2014) (citation omitted). At the same time, the Establishment Clause does not require ODOC "to be hostile to religion" or to provide identical worship opportunities for every religious sect or group. *Kennedy v. Bremerton Sch. Dist.*, 597 U.S. 507, 541 (2022) ("We are aware of no historically sound understanding of the Establishment Clause that begins to 'mak[e] it necessary for government to be hostile to religion'"); *Cruz v. Beto*, 405 U.S. 319, 322 n.2 (1972) (per curiam) (disavowing the

3 -     OPINION AND ORDER

notion "that that every religious sect or group within a prison – however few in number – must have identical facilities or personnel"); *see also Lynch v. Donnelly*, 465 U.S. 668, 673 (1984).

Courts typically applied the *Lemon* test to determine whether state action violated the Establishment Clause. *See Lemon v. Kurtzman,* 403 U.S. 602 (1971). Under the *Lemon* test, state action must have 1) a "secular legislative purpose," 2) a "principal or primary effect" that "neither advances nor inhibits religion," and 3) no "excessive government entanglement with religion" to pass constitutional muster. *Id.* at 612-13; *Inouye v. Kemna,* 504 F.3d 705, 712 n.7 (9th Cir. 2007). Recently, however, the United States Supreme Court disavowed reliance on the *Lemon* test and held that "the Establishment Clause must be interpreted by 'reference to historical practices and understandings.'" *Kennedy*, 597 U.S. at 534-35 (quoting *Town of Greece,* 572 U.S. at 576).

In the context of this case, the inquiry is whether ODOC's inclusion of Christian music in the Dish programming package exhibits historical traits of coercion. *Id.* at 537 ("No doubt, too, coercion … was among the foremost hallmarks of religious establishments the framers sought to prohibit when they adopted the First Amendment."); *see also Lee v. Weisman*, 505 U.S. 577, 587 (1992) ("It is beyond dispute that, at a minimum, the Constitution guarantees that government may not coerce anyone to support or participate in religion or its exercise."). "[C]onsistent with a historically sensitive understanding of the Establishment Clause," ODOC may not "make a religious observance compulsory," "coerce anyone to attend church," or force AICs "to engage in a formal religious exercise." *Kennedy*, 597 U.S. at 536-37. The Ninth Circuit has adopted a three-part test to assess "whether there was governmental coercion of religious activity." *Inouye*, 504 F.3d at 713. Relevant questions include: (1) "has the government acted," (2) "does the action amount to coercion," and (3) "is the object of the coercion religious rather than secular?" *Id.*

4 -   OPINION AND ORDER

ODOC has arguably "acted" by providing access to radio stations that play Christian music two days a week. However, Plaintiff presents no evidence that ODOC officials coerce or even encourage Plaintiff or any other AIC to play or listen to Christian-themed music. It is undisputed that the music programming package is completely voluntary and AICs choose whether to participate in it. Further, ODOC does not require AICs to listen to particular channels, such as Channel Four, and ODOC does not choose which radio station is played in common areas. Palmer Decl. ¶ 26. AICs who have the programming package may change the music channels or turn off their televisions at any time, and AICs have complete control over whether they listen to radio stations that include Christian music. *See id.* ¶ 26 & Ex. 2. On this record, ODOC's music programming package does not "amount to coercion."

Further, nothing in the record suggests that ODOC intends to promote Christianity by allowing access to a music channel with two radio stations (out of thirty-five) that feature Christian-related music two days a week. ODOC offers music programming to provide entertainment and determines which radio stations to offer based on input and requests from AICs. *Id.* ¶¶ 11-12, 15.[2] ODOC provides access to non-Christian music in its digital music package, and Plaintiff presents no evidence that ODOC declined any request to include radio stations with non-Christian music. Palmer Decl. ¶ 25.

Even though Channel Four includes some "religious content," the primary purpose of the music programming is secular and does not involve or require religious activities or observances. *Johnson v. Poway Unified Sch. Dist.*, 658 F.3d 954, 974 (9th Cir. 2011). The music programming thus fosters "no entanglement with religion" and the availability of a wide variety

---

[2] Plaintiff disputes Defendants' assertion that an AIC group, The 7th Step Foundation, requested the Christian pop station. *See* Pl.'s Response at 5; Palmer Decl. ¶ 15. However, Plaintiff presents no admissible evidence to rebut this assertion and Plaintiff's disagreement does not create a genuine issue of material fact to defeat summary judgment.

5 -    **OPINION AND ORDER**

of secular music "dilutes" any religious effect. *Id.*; *see also Curley v. Arpaio*, 2010 WL 27923, at *5 (D. Ariz. Jan. 4, 2010) (finding no Establishment Clause violation arising from religious and secular holiday music played ten hours per day in the jail's dayroom); *Fabricius v. Maricopa County*, 2009 WL 10695543, at *2, 5-7 (D. Ariz., July 21, 2009) (accord). In these circumstances, any promotion of or benefit to Christianity is "indirect, remote, and incidental." *Lynch*, 465 U.S. at 683.

In sum, no evidence of record plausibly suggests that ODOC's music programming package violates the Establishment Clause.

## **CONCLUSION**

For the reasons explained above, Defendants' Motion for Summary Judgment (ECF No. 33) is GRANTED, Plaintiff's Motion for Injunctive Relief (ECF No. 38) is DENIED.

IT IS SO ORDERED.

DATED this 20th day of August 2025.

s/ Mustafa T. Kasubhai  
MUSTAFA T. KASUBHAI (He / Him)  
United States District Judge

6 -     OPINION AND ORDER